# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MELVIN HOLDEN                                    CIVIL ACTION

VERSUS
                                                 NO. 13-00423-SDD-SCR
BAH EXPRESS, INC.,
WESTFIELD INSURANCE COMPANY, and
SIDNEY A. GRANTHAM

## RULING AND ORDER

This matter is before the Court on a *Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, and to Transfer*[1] under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), respectively, filed by Defendants, Sidney A. Grantham ("Grantham"), BAH Express, Inc. ("BAH"), and Westfield Insurance Company ("Westfield").   Plaintiff, Melvin Holden, has filed an *Opposition*,[2] to which Defendants filed a *Reply Memorandum*.[3]  For the reasons stated herein, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND

On June 22, 2012, Plaintiff, Melvin Holden, a resident and citizen of Livingston Parish, Louisiana,[4] was operating a semi-trailer truck along State Route 34 in Coweta County, Georgia. Travelling behind him was Defendant, Grantham, a citizen of the State of Georgia,[5] who was also operating a semi-trailer truck in the course and scope of his

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 5.
[3] Rec. Doc. 10.
[4] Rec. Doc. 1, p. 2, ¶3.
[5] Rec. Doc. 1, p. 2, ¶3.

employment with Defendant, BAH.   Plaintiff alleges that Grantham "suddenly[,] . . . violently and without warning rear-ended" him.[6]

On May 20, 2013, Plaintiff filed this suit for personal injury damages in the 21st Judicial District Court in Livingston Parish, Louisiana, against Grantham, BAH, and BAH's insurer, Westfield (collectively "Defendants").[7]   Defendants timely removed this action to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. 1332(a). This Court's diversity jurisdiction is invoked on the grounds that BAH is a Georgia Corporation with its principal place of business in the State of Georgia;[8] Westfield is a foreign corporation incorporated under the laws of the State of Ohio with its principle place of business in Ohio;[9] Grantham is a resident of the State of Georgia;[10] and Plaintiff is a person of full age of majority domiciled in the Parish of Livingston, Louisiana.

Defendants move to dismiss Plaintiff's claims for lack of personal jurisdiction and improper venue.   In the alternative, Defendants move for transfer of this matter to the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).[11]

## II.   STANDARD OF REVIEW

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction

---

[6] Rec. Doc. 1-1, Exhibit A, *Petition for Damages* p. 1, ¶4.
[7] Rec. Doc. 1-1, Exhibit A, *Petition for Damages*.
[8] Rec. Doc. 3-4, Exhibit C, *Declaration of Johnie Snider*, p. 1, ¶3.
[9] Rec. Doc. 3-5, Exhibit D, *Declaration of Kyle Seymour*, p. 1, ¶3.
[10] Rec. Doc. 3-3, Exhibit B, *Declaration of Sidney Grantham*, p. 1, ¶4.
[11] Rec. Doc. 8-2, p. 5.  28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

over the nonresident."[12]   The quantum of proof required to meet that burden varies depending upon the nature of the proceeding and the type of evidence which the plaintiff is permitted to present.[13]   The court has discretion as to the type and amount of discovery to allow, and may determine jurisdiction by evaluating affidavits, interrogatories, deposition, oral testimony or other recognized forms of discovery.[14]

Where a court rules only on pleadings and affidavits without a full evidentiary hearing, as is the case here, the plaintiff need only make a *prima facie* showing of jurisdiction.[15]   In making its determination, the court "must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction."[16]   A plaintiff's unsubstantiated allegations, however, will not defeat contrary affidavits or declarations offered by the defendant.[17]   Should the plaintiff establish a *prima facie* case for jurisdiction, the burden then shifts to the defendant to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[18]

---

[12] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

[13] *Data Disc*, 557 F.2d at 1285.

[14] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985).

[15] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982)).   However, "at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence."   *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 2 (9th Cir. 1977), *quoted in Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) *modified*, 836 F.2d 850 (5th Cir. 1988).

[16] *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F. 3d 465, 469 (5th  Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

[17] *See Travelers Indem. Co.*, 798 F.2d at 831 (citing *Brown*, 688 F.2d at 332).

[18] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

### III.    PERSONAL JURISDICTION

A federal district court hearing a case in diversity may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the United States Constitution.[19]   Under Louisiana law, "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits."[20]

"[T]he Fourteenth Amendment Due Process clause requires satisfaction of a two-prong test in order for a federal court to properly exercise jurisdiction: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice.'"[21]   "The 'minimum contacts' prong is further subdivided into contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction."[22] The Fifth Circuit has explained:

> Where a defendant "has continuous and systematic general business contacts" with the forum state, the court may exercise "general jurisdiction" over any action brought against the defendant.  Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum."[23]

---

[19] *Clemens v. McNamee*, 615 F.3d 374, 377 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citing Mink v. AAAA Dev. LLC, 190 F.3d 333, 335 (5th Cir. 1999)*); Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997)); *Ouazzani-Chahdi v. Greensboro News & Record, Inc.*, 200 Fed.Appx. 289, 291 (5th Cir. 2006) (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)); *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

[20] *Walk Haydel*, 517 F.3d at 242–43 (citing *A & L Energy, Inc. v. Pegasus Group*, 791 So.2d 1266, 1270 (La. 2001)).

[21] *Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (*citing Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990) and *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945)).

[22] *Freudensprung*, 379 F.3d at 343.

[23] *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,  414 & 414 nn. 8–9 (1984)) (internal citations omitted).

As Plaintiff does not allege that his suit is one "arising out of or related to the defendant[s'] [specific] contacts with the forum," the Court need only examine whether it has general jurisdiction based on the Defendants contacts with the forum, including those unrelated to the controversy.[24]   General jurisdiction exists when a defendant's forum-related "contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction."[25]   In evaluating the sufficiency of a defendant's contacts with the forum state, they "must be reviewed *in toto*, and not in isolation from one another."[26]   Consequently, a court must consider "contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed."[27]   To that end, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction."[28]

## IV.   ANALYSIS

### A.   Personal Jurisdiction over Grantham

Plaintiff has not established a *prima facie* case for the exercise of personal jurisdiction over Grantham.   With the exception of a single, general reference that jurisdiction is proper over all "Defendants" in the conclusion of his *Opposition*, Plaintiff has presented no argument as to jurisdiction over Grantham. Plaintiff's *Opposition*, as Defendants note, is singularly focused on BAH.   Plaintiff has only offered that Grantham is domiciled in Georgia,[29] an uncontroverted fact which by its very nature calls into

---

[24] *See Helicopteros*, 466 U.S. at 414.   Indeed, Defendants vigorously deny any connection between the accident and any business related to Louisiana.   *See* Rec. Doc. 3-1, p.3; Rec. Doc. 3-3, p. 1, ¶7.
[25] *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986).
[26] *Johnston*, 523 F.3d at 610 (citing *Holt Oil*, 801 F.2d at 779).
[27] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) (citing *Access Telecom, Inc. v. MCI Telecomms.* Corp., 197 F.3d 694, 717 (5th Cir. 1999)).
[28] *Johnston*, 523 F.3d at 610.
[29] Rec. Doc. 3-3, Exhibit B, *Declaration of Sidney Grantham*, p. 1, ¶4.

question this Court's jurisdiction.  Grantham, for his part, offers via sworn declaration a plethora of facts which definitively weigh against jurisdiction: he does not own or rent property in Louisiana; has never lived in Louisiana; was not transporting cargo from or destined for delivery in Louisiana at the time of the accident; and his work for BAH does not regularly involve trips to or from Louisiana.[30]  Plaintiff has failed to carry his burden as to Grantham.  Thus, this Court lacks personal jurisdiction over Grantham.

### B.  Personal Jurisdiction over BAH

Plaintiff has likewise not established a *prima facie* case for the exercise of personal jurisdiction over BAH.  Plaintiff states generally that BAH operates an interstate trucking business covering the continental United States, but offers no information as to the extent of its trucking operations in relation to Louisiana—e.g., how many shipments originate or terminate in Louisiana, what percentage of its business comes from Louisiana customers, or even what portion of its business involves transit through the State.   The only forum-specific argument consists of unsubstantiated assertions that BAH "regularly transacts business" in Louisiana through an "office" in New Orleans.[31]  This argument is supported by reference to the company's website which states: "In addition to . . . three [shipping] terminals, BAH also has satellite locations in Knoxville, TN and New Orleans, LA."[32]  Plaintiff implies that the website itself constitutes direct advertisement to Louisiana citizens.  Plaintiff asserts that a web presence and shipping terminal in New Orleans constitutes "continuous and systematic general business contacts" sufficient to give rise to general jurisdiction. The Court is not

---

[30] Rec. Doc. 3-3, Exhibit B.
[31] Rec. Doc. 5, p. 3.
[32] *Company Profile*, B.A.H. Express, Inc., http://www.bahexpress.com/profile.html (last visited Nov. 4, 2013).

convinced. "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are [thus] insufficient to support general jurisdiction."[33]

Defendant, BAH, offers the affidavit of Johnie Snider, Head of Safety and Human Relations for BAH, in contravention of Plaintiff's claims of general jurisdiction. Mr. Snider attests that BAH does not: pay state property or payroll taxes; own or lease any real property in Louisiana; maintain a business office, address or phone number in Louisiana; keep or garage any of its trucks or equipment in Louisiana; nor direct its advertising to Louisiana or employ a direct sales force to solicit sales from customers in Louisiana.[34]   He describes the company's "satellite location" in New Orleans as "the physical location of a customer of BAH . . . [who] permits BAH to use the location as a temporary drop off and pick up location for trucks or equipment, should the need arise."[35]  Mr. Snider avers that BAH does not maintain an office or station employees at this location.[36]

The uncontroverted facts suggest that, at a minimum, the very existence of the New Orleans satellite location indicates that BAH operates trucks which travel through Louisiana, destined for locations either inside or outside of the State.  Mere operation of a foreign-based interstate trucking company which is known to utilize the roadways of a particular forum, without more, can hardly create "affiliations with the State . . . so

---

[33] *Johnston*, 523 F.3d at 610.
[34] Rec. Doc. 3-4, Exhibit C.
[35] Rec. Doc. 10-1.
[36] Rec. Doc. 10-1.

'continuous and systematic' as to render [the company] essentially at home in the forum State."[37]   Accordingly, this Court has no personal jurisdiction over BAH.

## C.  Personal Jurisdiction over Westfield

Plaintiff has offered no argument regarding jurisdiction over Defendant, Westfield.  Defendants are correct that, because the accident occurred in Georgia under an insurance policy issued and delivered outside of Louisiana, Plaintiff cannot avail himself of the Louisiana Direct Action Statute to maintain a direct action against Westfield.[38] However, the Court is not presented with a Rule 12(b)(6) *Motion to Dismiss* for failure to state a claim on behalf of Westfield. The issue presented is solely whether the Court may exercise personal jurisdiction over Westfield.

The Plaintiff alleges that Westfield is "a foreign insurer, authorized to do and doing business in the State of Louisiana."  Defendants have remained silent as to what, if any, business Westfield conducts in Louisiana.[39]   Given this uncontroverted allegation, the Court is required to construe the allegations in favor of Plaintiff and the existence of personal jurisdiction.

However, it is clear that the Plaintiff cannot maintain a direct action against Westfield because: (1) the accident did not occur in Louisiana nor was the policy issued in Louisiana, and (2) a direct action may not generally be maintained against the insurer

---

[37] *Goodyear Dunlop Tires Ops. v. Brown*, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).  No argument has been made that the incident in question is in any way related to the satellite facility, obviating the need to address specific jurisdiction.
[38] *See Esteve v. Allstate Ins. Co.*, 351 So.2d 117 (La. 1977).
[39] For example, the declaration from Kyle Seymour, a Westfield claims representative, states only that Westfield is "a foreign insurer organized under the laws of Ohio, with its principal place of business in Westfield Center, Ohio," and makes no reference as to whether or not it operates in Louisiana.  Rec. Doc. 3-3, Exhibit D, p. 1.

alone.[40] "Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."[41]

The Fifth Circuit instructs that "As a general rule, a district court may dismiss a complaint on its own for failure to state a claim. However, we have previously noted that the district court can only dismiss an action on its own motion 'as long as the procedure employed is fair.' We have further suggested that fairness in this context requires "both notice of the court's intention and an opportunity to respond."[42]  Accordingly, the Court will dismiss, sue sponte, Plaintiff's suit against Westfield for failure to state a claim upon which relief can be granted. Plaintiff shall have 15 days from the entry of the Court's Order of Dismissal to file an objection and show cause why the complaint against Westfield should not be dismissed.

### D.  **Motion to Transfer**

The Court possesses "broad discretion" in deciding whether to dismiss or transfer this case.[43] Fifth Circuit precedent "supports transfer of a case pursuant to section 1406(a) or section 1404(a) from a Federal Court lacking personal jurisdiction to one possessing it, even if the case was removed from a state court that itself lacked personal jurisdiction."[44] Defendant's seek transfer under 28 USC 1404(a).[45]

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

---

[40] La. R.S. 22:655 B.
[41] *Wright and Miller*, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.).
[42] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006), internal citations omitted.
[43] *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 919 (5th Cir. 1987).
[44] *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985).
[45] See note below. Footnote here that defendant's concede that transfer under 1406 not applicable.

or division where it might have been brought or to any district or division to which all parties have consented."[46]   The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience.[47]   Transfer may be requested by either party, or ordered by the court *sua sponte*.[48]   As noted, transfer may occur even when the transferring court lacks personal jurisdiction.

The application of 28 U.S.C. § 1404(a) requires a twofold analysis.  The Court must first determine whether the judicial district to which transfer is sought is a district in which the claim could have been filed.[49]  If this first step is satisfied, then the Court must determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" by weighing a number of private and public interest factors.[50]

The Court finds that, because the alleged accident occurred in the Northern District of Georgia, the first step of the analysis is satisfied.   Under 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Georgia because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." [51]  Defendants also concede that the Northern District of Georgia is a proper venue and has personal jurisdiction over them.[52]

As both parties have agree to transfer under the circumstances, it is unnecessary for the Court to examine the public and private interest factors as it would were transfer contested.   It is nevertheless worth noting that both "the convenience of parties and

---

[46] 28 U.S.C. § 1404(a).
[47] *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, 2005 WL 3465728, at *8 (S.D.Tx. 2005).
[48] *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).
[49] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*per curiam*).
[50] 28 U.S.C. § 1404(a); *Volkswagen*, 371 F.3d at 203 (citations omitted).
[51] 28 U.S.C. § 1391(b)(2).
[52] *See* Rec. Doc. 3, p. 2; Rec. Doc. 3-1, p. 2.

witnesses" and "the interest of justice" will clearly be served by transferring the case to the Northern District of Georgia.  The Court finds that transfer will serve both "the convenience of parties and witnesses" and "the interest of justice" by saving the parties time and expense, and acceding to their mutual request.  Defendants Motion to transfer to the Northern District of Georgia pursuant to 28 U.S.C. §1404(a), is GRANTED.

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants, Sidney A. Grantham and BAH Express, Inc. Motions to Dismiss for lack of personal jurisdiction. The Court, own its own initiative, shall dismiss Plaintiff's claims against Westfield Insurance Company for failure to state a claim. Plaintiff shall have 15 days from the date of this Court's Ruling and Order to file an objection and show cause why the complaint against Westfield should not be dismissed. This matter will be transferred the Northern District of Georgia pursuant to 28 U.S.C. §1404(a), after the expiration of the deadline for Plaintiff's objection to the dismissal of Westfield, if any.

Baton Rouge, Louisiana, this 27th day of November, 2013.


*Shelly D. Dick*
_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**